UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JAMES ANTHONY WILLIAMS,

        Petitioner,               Case No. 2:09-cv-88

v.                                       Honorable R. Allan Edgar

GARY CAPELLO,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner currently is incarcerated at Camp Kitwen after pleading guilty to one count of delivery or manufacture of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(a)(iii), and one count of assaulting, resisting or obstructing a police officer, MICH. COMP. LAWS § 81d(1).  On September 6, 2006, Petitioner was sentenced by the Saginaw County Circuit Court to terms of incarceration of seven to twenty years and thirteen months to two years, respectively.  Petitioner did not seek leave to appeal from either the Michigan Court of Appeals or the Michigan Supreme Court and did not file a motion for relief from judgment.

II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on September 6, 2006. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until September 6, 2007, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court.

Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Nor may he count the ninety-day period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Petitioner's conviction became final on September 6, 2007.

Petitioner had one year after his petition became final, or until September 6, 2008, in which to file his habeas petition. Petitioner did not file his application for habeas relief until April 10, 2009.[2] Thus, absent tolling, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002);

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on April 10, 2009, and it was received by the Court on April 15, 2009. Thus, it must have been handed to prison officials for mailing at some time between April 10 and 15. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

*Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that the statue of limitations should be tolled because he was denied appointment of appellate counsel. In support of his claim, Petitioner cites *Halbert v. Michigan*, 545 U.S. 605, 617 (2005), in which the Supreme Court held that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants, convicted on pleas of guilty or *nolo contendere*, who seek access to first-tier review in the Michigan Court of Appeals, even though such review is discretionary under state law. Michigan Court Rule 6.425(G)(1)(c) was adopted in 2005 to conform to the ruling in *Halbert*. *See* MICH. CT. R. 6.425 advisory committee's notes. The new court rule was in place when Petitioner was convicted in 2006. Petitioner timely filed a motion for appellate counsel with the Saginaw County Circuit Court within 42 days of his conviction. (Pet., Ex. B at 26.) It was denied on November 28, 2006. (*Id.* at 32-33.) He then sought reconsideration, which was denied on January 10, 2007. (*Id.* at 31.) The denial of appellate counsel was a clear violation of Petitioner's constitutional rights.

However, even assuming that the failure to appoint appellate counsel could toll the limitations period, equitable tolling is not warranted in this case because Petitioner has not been diligent in pursuing his rights. *Lawrence*, 549 U.S. at 335. Petitioner was denied appellate counsel on January 10, 2007. The limitations period did not expire until September 6, 2008, twenty months after appellate counsel was denied. Petitioner waited an additional seven months before filing his habeas petition on April 10, 2009. Petitioner clearly was not diligent in pursuing his rights. *Allen*

*v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late)).

Additionally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 11, 2009

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).